UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAKHONE LASAPHANGTHONG,
Plaintiff,

v.

SERGIO ALBARRAN, et al.,
Defendants.

Case No. 26-cv-10917-JD

**ORDER RE TEMPORARY RESTRAINING ORDER**

Petitioner Sakhone Lasaphangthong, a 51-year-old former refugee from Laos, has been in civil immigration detention since September 24, 2026. He filed a petition for a writ of habeas corpus and a motion for a temporary restraining order (TRO) for release from detention pending further proceedings on that same day. Dkt. Nos. 1, 4. The Court denied his original request for relief because the government had secured travel documents that made his deportation back to Laos likely. Dkt. No. 6. Lasaphangthong asks for a second TRO, and for leave to amend his habeas petition, on the grounds that the travel document has expired and deportation is no longer likely. Dkt. Nos. 11, 12. A TRO is granted.

The order denying the first TRO request was premised on the existence of a travel document that signaled a "significant likelihood of removal in the reasonably foreseeable future" to Laos. *Zadvydas v. Davis,* 533 U.S. 678, 701 (2001). Lasaphangthong says, and the government concedes, that the travel document has expired, and the government must secure a new one before it can deport Lasaphangthong to Laos. Dkt. No. 14 at 8-9.

Lasaphangthong has demonstrated that securing a new document, and actually being deported to Laos, is currently uncertain and without a definitive timeline. Dkt. No. 13 at 8-9. The government did not say why it had not deported Lasaphangthong when the travel document was in

United States District Court
Northern District of California

effect, or why this time will be different for some reason. Nothing in the record before the Court indicates that the government will be able to remove Lasaphangthong to Laos anytime soon.

The government's main response to the TRO request is that, even if deportation is far from certain right now, it should nonetheless be allowed "the full six-month period to obtain [] renewed travel documents and complete removal." Dkt. No. 14 at 8. While "[t]he issue of whether noncitizens can challenge their detention under section 1231(a)(6) before the six-month period passes appears to be an open question in the Ninth Circuit," the government has given no good reason for the Court to break new ground in this case. *See Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018). In contrast, because Lasaphangthong has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Court grants his request for a TRO. *Zadvydas,* 533 U.S. at 700-01.

Consequently, a TRO is granted on the ensuing terms to preserve the status quo while the merits of the habeas petition are resolved.

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are directed to release Lasaphangthong from custody, by 5:00 p.m. on November 24, 2026. The government will file a status report by 6:00 p.m. on November 24, 2026, confirming that petitioner has been released.

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining Lasaphangthong without the required travel documents for removal to Laos.

(3) Respondents will show cause in writing by December 3, 2026, why a preliminary injunction should not issue. Petitioner may file a response by December 7, 2026. If needed, a hearing will be set by further order.

(4) The parties are directed to jointly submit, by December 14, 2026, a proposed briefing schedule on the petition for habeas corpus.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so

petitioner need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

**IT IS SO ORDERED.**

Dated: November 24, 2026

JAMES DONATO
United States District Judge

United States District Court
Northern District of California